Stewart, J.,
concurring. I concur generally in what is said in the majority opinion and in the judgment of reversal, but I would go one step further and enter final judgment for Hamilton.
I yield to no one in my fervent belief that the cause of justice and orderly proceedings in court require the utmost respect from lawyers toward the judge presiding over the court and a genuine endeavor to comply with all reasonable rules promulgated by the court. However, my belief is just as fervent that a judge presiding over a court should have an equal respect and consideration for the lawyers practicing before him, who are officers of his court.
The judge in the present case is an able conscientious public servant of the highest integrity and has a right to expect *67 that lawyers practicing before him will comply with the reasonable hours of court which he ordains. If a lawyer should be late for court because of an indifferent regard for the rule appointing a certain hour or should demonstrate that he has no consideration for the rule, he might indeed be cited for contempt. However, where a lawyer starts for court at a time when he reasonably expects to be on time, and through an accident, happening without fault on his part, he arrives late, and particularly where he has taken pains to inform the court of his predicament and that he will be late, in my opinion he is no more guilty of contempt of court than would a judge, who was prevented from opening court on time as a result of like circumstances, be guilty of a dereliction of duty.
Since the court treated Hamilton’s lateness as a direct contempt, even though I agree with what is said in the majority opinion herein with reference to that question, and since, in my view, there is nothing in the record to present a scintilla of evidence of any contempt, I am of the opinion that there should not be a remand of this cause.